```
                                                        FILED IN OPEN COURT
        IN THE UNITED STATES DISTRICT COURT             DATE: 3/30/05
       FOR THE WESTERN DISTRICT OF TENNESSEE            TIME: 2:14 pm
                    WESTERN DIVISION
                                                        INITIALS: ____
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| vs. | *   Cr. No. 04-20425-BP |
| KENDRICK KIRBY, | * |
| Defendant. | * |

## PLEA AGREEMENT

The defendant Kendrick Kirby ("Mr. Kirby" or "Defendant"), being represented by attorney Art Quinn, and the United States, being represented by Terrell L. Harris, the United States Attorney for the Western District of Tennessee, and Scott F. Leary, Assistant United States Attorney (the "Government"), pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following Plea Agreement.

1. The Defendant will plead guilty to Count I of the indictment. The Government agrees to move for dismissal of the remaining counts at sentencing.

2. Pursuant to Fed. R. Crim.P. 11(1), the government and Mr. Kirby agree that on or about September 16, 2004, Mr. Kirby, and his co-defendant Ramon Razo, were to receive a package of methamphetamine from Washington state, that said methamphetamine was to be distributed in the Western District of Tennessee, and that said methamphetamine weighed 448.5 grams, was of 48% purity, which yielded 215.1 grams of actual methamphetamine. Pursuant to § 2D1.1 of the United States Sentencing Guidelines Manual, the Government agrees to recommend that the Defendant's base offense level be calculated using the weight of the above-referenced package of

methamphetamine. In this regard, Mr. Kirby understands that this agreement is not binding on the Court and that if the Court does not follow the agreement he will not be allowed to withdraw his plea of guilty.

3. The Defendant has been informed of the nature and elements of the charges to which he will plead guilty. After consultation with his attorney, Mr. Kirby agrees to waive in open Court his constitutional rights, and by signing this agreement, Mr. Kirby admits that he is, in fact, guilty of this offenses in the indictment and that he will enter a guilty plea before the Court.

4. Neither the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court. The Defendant understands that any estimate of the probable sentencing range that he may have received from defense counsel, the government, or anyone else is a prediction, not a promise, and said prediction is not binding on the Court. It is understood that the matter of sentencing is within the sole discretion of the trial court and that if the Court imposes a sentence greater than what he expects he will not be afforded an opportunity to withdraw his plea.

5. Mr. Kirby understands that the maximum possible penalty which the Court may impose is a term of imprisonment of life and a fine not to exceed $4,000,000, or both. The Defendant also understands that the Court may impose a supervised release period of at least five (5) years as part of any sentence of imprisonment. Further, the Defendant understands that he must pay a mandatory assessment of one hundred ($100.00) dollars pursuant to 18 U.S.C. § 3013 for each count to which he is pleading guilty. The Defendant agrees to pay said mandatory assessment to the United States District Court Clerk following entry of his plea of guilty.

6. Pursuant to Rule 11(c) of the Fed.R.Crim.P. and in consideration for the Defendant's

plea of guilty, the Government will recommend that (1) the Defendant receive full credit for acceptance of responsibility (U.S.S.G. §3E1.1) provided the Defendant's conduct continues to clearly demonstrate acceptance of his personal responsibility for his offense up to the date of sentencing; and (2) the Defendant not receive a sentencing enhancement for the Defendant's role in the offense (U.S.S.G. §3B1.1); and (3) the Defendant be sentenced at the low end of the applicable guideline range. In this regard, Mr. Kirby understands that the recommendation is not binding on the Court and that if the Court does not follow the recommendation, he will not be allowed to withdraw his plea of guilty.

7. The Government anticipates, but does not commit to, filing a motion for downward departure pursuant to §5K1.1 of the U.S.S.G. In the event the Government does file a §5K1.1 motion, Mr. Kirby understands that any §5K1.1 recommendation is not binding on the Court and that if the Court does not follow the recommendation, he will not be allowed to withdraw his plea of guilty.

8. This agreement is limited to the United States Attorney's Office for the Western District of Tennessee and cannot bind other federal, state or local prosecuting authorities.

9. The Defendant acknowledges that he has not been coerced, threatened, or promised anything other than the terms of this plea agreement in exchange for his plea of guilty. The Defendant has discussed the terms of the foregoing plea agreement with his attorney and is satisfied with the attorney's advice. The Defendant understands that he has the right to make known to the Court, at any time, any dissatisfaction he may have with his attorney's representation. The Defendant agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint he may have with his attorney's representation. The Defendant hereby waives any claim

he may have for ineffective assistance of counsel not raised with the Court at the time of sentencing. Being aware of all the possible consequences of his plea, the Defendant has independently decided to enter his plea of guilty, and affirms this agreement by the signature below.

10. Should it be judged by the Government that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1, including any false exculpatory statements on behalf of any codefendant, or has failed to make any Court appearances in this case, from the date of Defendant's signing of this plea agreement to the date of Defendant's sentencing, or if the Defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the Defendant would not release the Defendant from this plea of guilty.

_____  
SCOTT F. LEARY  
ASSISTANT U.S. ATTORNEY  

3/30/05  
DATE  

_____  
ART QUINN  
COUNSEL FOR DEFENDANT  

3/30/05  
DATE  

_____  
KENDRICK KIRBY  
DEFENDANT  

3/30/05  
DATE  

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 2:04-CR-20425 was distributed by fax, mail, or direct printing on April 4, 2005 to the parties listed.

---

US Marshals
Memphis, TN

US Pretrial Office
Memphis, TN

US Probation Office
Memphis, TN

Honorable J. Breen
US DISTRICT COURT